IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Atkore International Group, Inc., | ) | |
| Atkore International, Inc., and | ) | |
| Allied Tube & Conduit Corporation, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 18-cv-6308 |
| | ) | |
| v. | ) | Honorable Elaine E. Bucklo |
| | ) | |
| Patrick Fay and Linear Solutions Inc., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT
ON COUNTS II, III, IV, V, VI, AND VII**

Plaintiffs, Atkore International Group, Inc. ("AIGI"), Atkore International, Inc. ("Atkore") and Allied Tube & Conduit Corporation ("Allied") (collectively "Plaintiffs"), through their attorneys, Segal McCambridge Singer & Mahoney, Ltd., move this Court per Federal Rule of Civil Procedure 54(b) for Entry of Final Judgment on Counts II, III, IV, V, VI, and VII, as follows:

**A. PROCEDURAL BACKGROUND**

On November 29, 2018, this Honorable Court entered a Minute Entry (ECF No. 40) and Memorandum Opinion and Order (ECF No. 41) granting Defendants' Motion to Dismiss as to Plaintiffs' contract claims (Counts II, III, IV, V, VI, and VII of Plaintiffs' Complaint). The Court also directed the parties to meet and confer as to the resolution of Plaintiffs' Lanham Act and Illinois Uniform Deceptive Trade Practices Act claims. Finally, the Court denied Plaintiffs'

1

motion for preliminary injunction, but on November 30, 2018 vacated the portions of ECF No. 40 and 41 to the extent they denied Plaintiffs' motion for a preliminary injunction.

Plaintiffs' Complaint presently contains claims for violations of the Lanham Act in Count I and Uniform Deceptive Trade Practices Act labeled as in Count IX[1] in the Complaint. Defendants have not filed an answer to these claims, nor have they filed counterclaims against Plaintiffs. The parties and their counsel met and conferred in person on December 18, 2018 and were unable to resolve this dispute.

### B. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides:

Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

### C. ARGUMENT

    **1. This Court Has Entered A Final Judgment on Counts II, III, IV, V, VI, and VII.**

The Court has discretion to enter a final judgment pursuant to Fed. R. Civ. P. 54(b). *Olympia Hotels Corp. v. Johsnon Wax Development Corp.,* 908 F.2d 1363, 1368 (7th Cir. 1990). The Supreme Court configured a two-part test for district courts determining whether to grant a Fed. R. Civ. P. 54(b) certification: (1) the judgment sought for appeal is final, and (2) there is no

---

[1] There is no Count VIII of Plaintiffs' complaint. The Uniform Deceptive Trade Practices Count is designated as Count IX in Plaintiffs' Complaint, although it is chronologically the eighth count of Plaintiffs' Complaint.

just reason for delaying the appeal. *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 8 (1980). In making determinations under Fed. R. Civ. P. 54(b), "[a] district court must first determine that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* at 7 (quoting *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 436 (1956)).

Here, this Court has rendered a final, ultimate disposition of Plaintiffs' contract claims contained in counts II, III, IV, V, VI, and VII of Plaintiffs' Complaint in the course of a multiple claims action.

### 2. There Is No Just Reason For Delay

"Once having found finality, the district court must go on to determine whether there is any just reason for delay." *Curtiss-Wright Corp.,* 446 U.S. at 8. In deciding that there is no just reason for delay, it is proper for courts to "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id*. "If the claims are legally distinct and involve at least some separate facts," granting a Rule 54(b) certification is proper. *Olympia Hotels Corp.,* 908 F.2d at 1368. When applying its discretion, a district court should "take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp.,* 446 U.S. at 8. When considering administrative justice, courts have also looked to factors such as delay and decreasing the time for trial. *Wieboldt Stores, Inc. v. Schottenstein*, No. 87 C 8111, 1990 WL 60679, at *2 (N.D. Ill. April 24, 1990) (citing *Stearns v. Consolidated Management, Inc.,* 747 F.2d 1105, 1109 (7th Cir.1984)).

In this case, the only remaining claims under the Lanham Act and Illinois Uniform Deceptive Trade Practices Act are legally separable and distinct from the contractual claims that this Court has dismissed. There is little factual or legal overlap between the dismissed contractual claims and the remaining statutory claims. Thus, granting partial judgment would be appropriate. *Olympia Hotels Corp.,* 908 F.2d at 1367-68 (Hearing the merits of the appeal based on a ruling that granted a Rule 54(b) certification with remaining pending counterclaims, even though the counterclaims arose out of the same transaction, because the pertinent facts were so different that the court would not have to reacquaint itself with the same facts as the present appeal).

Here, the pertinent facts surrounding Defendants' use of imagery depicting Plaintiffs' premises and procedures that ultimately bear on the Defendants' liability under the statutory claims are completely separate from the contractual claims. Plaintiffs' statutory claims revolve around the following facts: Defendants possessed a photo of Allied's materials inside its warehouse, Defendants possessed a video of Allied's machinery and processes, Defendants posted the imagery and video to LSI's website, and the use of the imagery and video was intentionally used to mislead and confuse consumers. These facts make no difference to the contractual claims, which look at the facts surrounding Fay's employment and the corresponding contracts between Fay and Plaintiffs. Therefore, the facts are so different that if tried and appealed, the Seventh Circuit would not have to reacquaint themselves with the same facts to decide an appeal on the contractual claims.

### D. CONCLUSION

Plaintiffs respectfully request the Court enter a partial final judgment on Counts II, III, IV, V, VI, and VII and make an express written finding that there is no just reason for delay pursuant to Federal Rule of Civil Procedure 54(b).

Dated: December 28, 2018

Respectfully submitted,

Atkore International Group, Inc.,
Atkore International, Inc., and
Allied Tube & Conduit Corporation

By: /s/ *Joseph L. Kish*
      One of their Attorneys

Joseph L. Kish - jkish@smsm.com
Kelley S. Gordon - ksgordon@smsm.com
Segal McCambridge Singer & Mahoney Ltd.
233 S. Wacker Dr., Suite 5500
Chicago, Illinois 60606
(312) 645-7800